2653.2 edj

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTISAN AND TRUCKERS CASUALTY CO., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) No. 3:17-cv-27 <br> A & K RENTALS, LLC, AMERICAN ) <br> COMPLETE ACCESS HOIST AND PLATFORM LLC, ) <br> ROBYN WELLEN, SPECIAL ADMINISTRATOR ) <br> OF THE ESTATE OF RICHARD THESSING, ) <br> DECEASED, AVRO TOWER CRANES LLP, ) <br> VERNON L. GOEDECKE COMPANY, INC., ) <br> GOEDECKE COMPANY, THE BURLINGTON ) <br> INSURANCE COMPANY, AND TRAVELERS ) <br> PROPERTY CASUALTY COMPANY OF AMERICA, ) <br> ) <br> Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT.

Plaintiff, Artisan and Truckers Casualty Co., by one of its attorneys, Thomas L. Buck, Magnani & Buck Ltd., sets forth below its complaint for declaratory judgment pursuant to 28 U.S.C. §2201 and §2202.

1. Artisan and Truckers Casualty Co. ("Artisan") files this action to seek a declaration that it owes no duty to defend or indemnify A & K Rentals, LLC ("A & K") and American Complete Access Hoist and Platform LLC ("American Complete") pursuant to a contract of insurance for a lawsuit brought by Robyn Wellen, Special Administrator of the Estate of Richard Thessing, deceased.

2. Avro Tower Cranes, LLP ("Avro"), Vernon L. Goedecke Company, Inc., ("Vernon Goedecke") and Goedecke Company are also named as defendants in the Wellen lawsuit.

3. Plaintiff Artisan is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in the State of Ohio, and does business in Illinois and this district.

4. Defendant A & K is a limited liability company organized under the laws of the State of Illinois, doing business in Illinois and this district, and its sole member, Walter Terry, is a citizen and resident of St. Clair County, Illinois.

5. Defendant American Complete is a limited liability company organized under the laws of the State of Illinois, doing business in Illinois and this district, and its sole member, Adam Terry, is a citizen and resident of St. Clair County, Illinois.

6. Defendant Robyn Wellen, Special Administrator of the Estate of Richard Thessing, Deceased, is a citizen and resident of St. Clair County, Illinois, and Richard Thessing, the deceased, was a citizen and resident of St. Clair County, Illinois.

7. Defendant Avro Tower Cranes LLP, is a foreign limited partnership, organized under the laws of the Province of Ontario, Canada, with a principal place of business in the Province of Ontario, Canada, doing business in Illinois and this district, and its partners, Sidus Seven D Corp., Sidus Seven J Corp., and Sidus Seven C Corp., are corporations organized under the laws of the Province of Ontario, Canada, with principal places of business in the Province of Ontario, Canada.

8. Defendant Vernon Goedecke is a corporation organized under the laws of the State of Missouri, with its principal place of business in the State of Missouri, and does business in Illinois and this district.

9. Defendant Goedecke Company is a corporation organized under the laws of the State of Missouri, with its principal place of business in the State of Missouri, and does business in Illinois and this district.

10. Defendant Burlington is a corporation organized under the laws of the State of North Carolina, with its principal place of business in the State of North Carolina, and does business in Illinois and this district.

11. Defendant Travelers is a corporation organized under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut, and does business in Illinois and this district.

12. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332, since there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Venue is appropriate pursuant to 28 U.S.C. §1391, since the insurance contract at issue was issued in this district, and defendants are residents of this district for venue purposes and are subject to personal jurisdiction in this district.

14. The lawsuit brought by Robyn Wellen alleges a wrongful death action for an accident that occurred on January 5, 2015, when the decedent, Richard Thessing, working for American Complete, delivered a building hoist by tractor-trailer to a work site. (A copy of the Wellen complaint is attached as exhibit A.)

15. A door of the hoist fell upon the decedent when it was being unloaded from the tractor-trailer. (Exhibit A.)

16. The tractor-trailer used to transport the hoist to the work site was owned by A & K.

17. The hoist that was being unloaded at the time of the accident was owned by A & K.

18. A power crane was being used to unload the components of the hoist at the time of the accident.

19. The power crane was attached to a boom truck.

20. A & K owned the boom truck and the power crane attached thereto ("crane truck").

21. American Complete had rented the hoist, the tractor-trailer and the crane truck from A & K for American Complete's use at the work site. (A copy of the equipment rental agreement between A & K as lessor and American Complete as lessee is attached as exhibit C.)

22. The Wellen lawsuit alleges that A & K was negligent for improperly securing the door of the hoist while it was being transferred. (Exhibit A, pages 1-3.)

23. The Wellen lawsuit alleges that American Complete was negligent for failing to provide the decedent with a safe place to work and for failing to properly secure the door while it was being transferred. (Exhibit A, pages 3-5.)

24. The Wellen lawsuit alleges that Avro manufactured, sold and delivered the hoist which was being unloaded at the time of the accident, and that the hoist was defective and unreasonably dangerous in that the hoist's operating manual did not contain instructions for how to properly and safely unload the hoist. (Exhibit A, pages 5-9.)

25. The Wellen lawsuit alleges that Vernon Goedecke and/or Goedecke Company sold the hoist to A & K, and that the hoist was in a defective and unreasonable condition because Vernon Goedecke and/or Goedecke Company failed to provide proper instruction for the use of the hoist. (Exhibit A, pages 10-14.)

26. An application for adjustment of a claim pursuant to the Workers' Compensation Act was also filed by Robyn Wellen with the Illinois Workers' Compensation Commission on behalf of the Thessing estate, directed against American Complete as employer/respondent, and proceeding under case number 15 WC 002819. (A copy of the Illinois Workers' Compensation Commission application for adjustment of claim is attached as exhibit B.)

27. Before January 5, 2015, Artisan issued a commercial auto policy to A & K in St. Clair County, Illinois, under policy number 01332770-0, with a policy period from January 29, 2014 to January 29, 2015, providing liability coverage with a $1,000,000 combined single limit subject to the policy's terms and conditions. (A certified copy of the Artisan policy is attached as exhibit D, pages 1-2.)

28. Before January 5, 2015, Burlington issued a commercial general liability policy to American Complete in St. Clair County, Illinois, under policy number HGL0038128, with a policy period from April 30, 2014 to April 30, 2015, providing liability coverage with a $1,000,000 each occurrence limit. American Complete is the named insured on the Burlington policy, and A & K is an additional insured by endorsement. (A copy of the Burlington policy is attached as exhibit E, pages 1, 14 and 40. See also exhibit C, page 2.)

29. Before January 5, 2015, Travelers issued a workers compensation and employers liability policy to American Complete in St. Clair County, Illinois, under policy number 6JUB-2E44227-8-14, with a policy period from September 9, 2014 to September 9, 2015, providing workers compensation insurance and employers liability insurance with a $500,000 each accident limit. (A copy of the Travelers policy is attached as exhibit F, page 1.)

5

COUNT I

30. Artisan incorporates paragraphs 1 through 29 of this complaint by reference as if fully stated herein.

31. At the time of the accident, the hoist was being unloaded from the tractor-trailer by the power crane.

32. The liability section of the Artisan policy states in pertinent part:

> Coverage under this Part I, including **our** duty to defend, does not apply to:
>
> 8. **Movement of Property by Mechanical Device**
> **Bodily injury** or **property damage** resulting from or caused by the movement of property by a mechanical device, other than a hand truck, not attached to an **insured auto**. (Exhibit D, pages 19-20; emphasis in the original.)

33. Inasmuch as the power crane was being used to transfer the hoist at the work site at the time of the accident, coverage for the unloading of the tractor-trailer is excluded under the terms of Artisan's auto policy.

34. The unloading of the tractor-trailer by the use of the power crane is covered by Burlington's commercial general liability policy, because the decedent's injury arose out of the unloading of the tractor-trailer by the use of a mechanical device. (Exhibit E, pages 16, 19, 29.)

35. Defendants are named as parties to this action, because they each have a financial interest in the outcome of Artisan's request for declaratory judgment.

36. A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities of the parties hereto under the terms and provisions of the Artisan policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Artisan and Truckers Casualty Co., asks this Court to declare:

(a) there is no liability coverage for A & K Rentals, LLC and American Complete Access Hoist and Platform LLC for the unloading of the tractor-trailer pursuant to the Movement of Property by Mechanical Device exclusion of the Artisan policy;

(b) there is no liability coverage or other coverage afforded to A & K Rentals, LLC or American Complete Access Hoist and Platform LLC under the policy issued by Artisan and Truckers Casualty Co., under policy number 01332770-0;

(c) Artisan and Truckers Casualty Co., is not obligated to defend or indemnify A & K Rentals, LLC or American Complete Access Hoist and Platform LLC as to the lawsuit brought by Robyn Wellen, Special Administrator of the Estate of Richard Thessing, deceased, or as to any other claim or action based on the accident of January 5, 2015.

## COUNT II

37. Artisan realleges paragraphs 1 through 29 of this complaint by reference as if fully stated herein.

38. At the time of the accident, the power crane of the crane truck was being operated to lift components of the hoist off of the tractor-trailer and into place for the erection of the hoist at the work site.

39. The Artisan policy states that it will pay damages for bodily injury for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of an insured auto. (Exhibit D, page 16.)

40. There is no coverage for the use of the crane truck pursuant to Artisan's auto policy, because at the time of the occurrence, the crane truck was not being used as an auto; it was being used as a crane.

41. The Artisan policy provides further:

7

Coverage under this Part I, including **our** duty to defend, does not apply to:

13. **Operations**
    **Bodily injury, property damage,** or **covered pollution cost or expense** arising out of the operation of:
    a. any equipment listed in Paragraphs b. and c. of the definition of **auto**; or
    b. machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of **mobile equipment** if it were not subject to a compulsory or financial responsibility law where it is licensed or principally garaged. (Exhibit D, pages 19, 21; emphasis in the original.)

42. The Artisan policy states also:

    8. **"Mobile equipment"** means any of the following types of land vehicles including but not limited to, any attached machinery or equipment:
       a. Bulldozers, farm implements and machinery, forklifts and other vehicles designed for use principally off public roads;
       b. Vehicles **you** use solely on premises **you** own or rent and on accesses to public roads from these premises, unless specifically described on the **declarations page** and not defined as **mobile equipment** under other parts of this definition;
       c. Any vehicle that travels on crawler treads, or that does not require licensing in the state in which **you** live or **your** business is licensed;
       d. Vehicles, whether self-propelled or not, used primarily to provide mobility to permanently attached:
          (i) Power cranes, shovels, loaders, diggers or drills; or
          (ii) Road construction or resurfacing equipment such as graders, scrapers or rollers.
       e. Vehicles not described in Paragraph a., b., c., or d. above that are not self-propelled and are used primarily to provide mobility to permanently attached equipment of the following types:
          (i) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment; or
          (ii) Cherry pickers and similar devices used to raise or lower workers.
       f. Vehicles not described in Paragraph a., b., c., or d. above that are self-propelled and used primarily for purposes other than transportation of persons or cargo. However, **mobile equipment** does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility

8

law or other motor vehicle law are considered **autos**. (Exhibit D, pages 14-15; emphasis in the original.)

43. The boom truck was used primarily to provide mobility to the permanently attached power crane and, therefore, would qualify under the policy's definition of mobile equipment if it were not subject to a compulsory or financial responsibility law or other motor vehicle law where it was licensed or principally garaged.

44. Since the decedent's injury arose out of the operation of the power crane that was attached to the boom truck, there is no liability coverage for the use of the crane truck by A & K and/or American Complete at the time of the accident pursuant to the Operations exclusion of the Artisan policy.

45. The unloading of the hoist by the use of a crane truck is covered by the Burlington commercial general liability policy, because the decedent's injury arose out of the unloading of the tractor-trailer by the use of a mechanical device. (Exhibit E at pages 16, 19, 29.)

46. The unloading of the hoist by the use of the power crane is also covered by the Burlington commercial general liability policy, because, at the time of the accident, the crane truck was being used as a power crane and not as an auto to transport the crane. (Exhibit E, pages 16, 19, 29.)

47. Defendants are named as parties to this action, because they each have a financial interest in the outcome of Artisan's request for declaratory judgment.

48. A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities to the parties hereto under the terms and provisions of the Artisan policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Artisan and Truckers Casualty Co., asks this Court to declare:

9

(a) there is no liability coverage for A & K Rentals, LLC and American Complete Access Hoist and Platform LLC for the unloading of the hoist by the use of the crane truck pursuant to the Operations exclusion of the Artisan policy;

(b) there is no liability coverage or other coverage afforded to A & K Rentals, LLC or American Complete Access Hoist and Platform LLC under the policy issued by Artisan and Truckers Casualty Co., under policy number 01332770-0;

(c) Artisan and Truckers Casualty Co., is not obligated to defend or indemnify A & K Rentals, LLC or American Complete Access Hoist and Platform LLC, as to the lawsuit brought by Robyn Wellen, Special Administrator of the Estate of Richard Thessing, deceased, or as to any other claim or action based on the accident of January 5, 2015.

## COUNT III

49. Artisan realleges paragraphs 1 through 29 of this complaint by reference as if fully stated herein.

50. Robyn Wellen on behalf of the Estate of Richard Thessing, deceased, filed an application for adjustment of claim with the Illinois Workers' Compensation Commission. (Exhibit B.)

51. In the lawsuit filed by Robyn Wellen as Special Administrator of the Estate of Richard Thessing, deceased, American Complete filed an answer and affirmative defense asserting that at the time of the accident, the decedent was an employee of American Complete who was acting within the course and scope of his employment, and the tort action against it is thereby barred by worker's compensation statutes. (A copy of American Complete's answer and affirmative defense is attached as exhibit G.)

52. The Artisan policy states:

10

> Coverage under this Part I, including **our** duty to defend, does not apply to:
>
> 3. **Worker's Compensation**
>    Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law. (Exhibit D, page 19; emphasis in the original.)

53. The Artisan policy states further:

> Coverage under this Part I, including **our** duty to defend, does not apply to:
>
> 5. **Employee Indemnification and Employer's Liability**
>    **Bodily injury** to:
>    a. An employee of any **insured** arising out of or within the course of:
>       (i) That employee's employment by any **insured**; or
>       (ii) Performing duties related to the conduct of any **insured's** business; or
>    b. The spouse, child, parent, brother or sister of that employee as a consequence of Paragraph a. above.
>
>    This exclusion applies:
>    a. Whether the **insured** may be liable as an employer or in any other capacity and
>    b. To any obligation to share damages with or repay someone else who must pay damages because of the injury. (Exhibit D, page 19; emphasis in the original.)

54. The worker's compensation exclusion of the Artisan policy applies to preclude coverage for American Complete for the action filed against it before the Illinois Workers' Compensation Commission under case number 15 WC 002819.

55. The employer's liability exclusion of the Artisan policy applies to preclude coverage for American Complete for the lawsuit filed by Robyn Weller as Special Administrator of the Estate of Richard Thessing, deceased, insofar as American Complete was the decedent's employer.

56. Worker's compensation insurance and employer's liability insurance is provided to American Complete by Travelers pursuant to Travelers' policy number 6JUB-2E44227-8-14. (Exhibit F, page 1.)

57. Defendants are named as parties to this action, because they each have a financial interest in the outcome of Artisan's request for declaratory judgment.

58. A case of actual controversy exists between the parties, and the Court is requested to declare and judge the rights and liabilities to the parties hereto under the terms and provisions of the Artisan policy, and to adjudicate the final rights of all parties and to give other and further relief as may be necessary to enforce the same.

Wherefore, plaintiff, Artisan and Truckers Casualty Co., asks this Court to declare:

(a) there is no liability coverage afforded to American Complete Access Hoist and Platform LLC under the policy issued by Artisan and Truckers Casualty Co., under policy number 01332770-0, for the worker's compensation action filed by Robyn Wellen on behalf of the Estate of Richard Thessing, deceased, before the Illinois Workers' Compensation Commission under case number 15 WC 002819;

(b) Artisan and Truckers Casualty Co., is not obligated to defend or indemnify American Complete Access Hoist and Platform LLC as to the lawsuit brought by Robyn Wellen, as Special Administrator of the Estate of Richard Thessing, deceased, insofar as American Complete Access Hoist and Platform LLC was Richard Thessing's employer.

               Respectfully submitted,

               Artisan and Truckers Casualty Co.

               /s/Thomas L. Buck
               One of its Attorneys
               Magnani & Buck Ltd.

321 South Plymouth Court
Suite 1700
Chicago, IL 60604
312-294-4800
Fax: 312-294-4815
Attorney No. 06185155
Email: tlb@magnanibuck.com

STATE OF ILLINOIS    )
                     )SS
COUNTY OF COOK       )

Thomas L. Buck, being first duly sworn on oath, deposes and states that:

1. He is one of the attorneys for the plaintiff in this cause;

2. He has prepared and read the complaint for declaratory judgment filed in this cause and has personal knowledge of the facts and matters contained in it; and

3. The facts and allegations contained in the complaint for declaratory judgment are true and correct.

_____
Thomas L. Buck

SUBSCRIBED and SWORN to before
me this 11th day of January, 2017.

_____
Notary Public

OFFICIAL SEAL
ELEANOR D JACKSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/22/18