UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARTISAN AND TRUCKERS
CASUALTY CO.,

    Plaintiff,

    v.

A&K RENTALS, LLC, *et al.*,

    Defendants.

Case No. 17-cv-00027-JPG-RJD

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Avro Tower Cranes, LLP's ("Avro") Motion (Doc. 19) to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiff filed a timely response (Doc. 37).

**1. Background**.

This is a declaratory judgment action in which the plaintiff seeks a declaration that it owes no duty to defend or indemnify A & K Rentals, LLC ("A & K") and American Complete Access Hoist and Platform LLC ("American Complete") in a lawsuit currently pending in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.[1] According to the complaint, Avro is a foreign limited partnership organized under the law of the Province of Ontario, Canada and that Avro manufactured, sold and delivered the hoist which was involved in the underlying litigation. Avro now moves for dismissal stating that it has no financial stake in whether the plaintiff is required to insure A & K or American Complete and as such, is not a necessary party.

---

1 *Wellen v. A & K Rentals, LLC, et al.*, 15-L-90, St. Clair County, Illinois filed Aug. 19, 2016.

2. **Standard.**

When reviewing defendants' Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

3. **Analysis.**

In their response to defendants' motion, the plaintiff states that it has "no objection to AVRO's dismissal as a party if the Court agrees that AVRO is not a necessary or indispensable party." (Doc. 19 at 3). Federal Rule of Civil Procedure provides that:

> **(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or

      **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In this matter, the Court agrees that Avro is not a party to the insurance contract and has no interest to protect with regard to the insurance contract at issue. There is no substantial risk of incurring "double, multiple, or otherwise inconsistent obligations" to an existing party as Avro has no financial interest in this action and complete relief can be obtained among existing parties.

Further, the plaintiff has no objection to the dismissal of Avro and agrees that Avro is not a necessary or indispensable party.

4. **Conclusion**.

Therefore, Defendant Avro Tower Cranes, LLP's Motion (Doc. 19) to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**. Defendant Avro Tower Cranes, LLP is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the conclusion of this matter.

**IT IS SO ORDERED.**

**DATED:** 5/2/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**