# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTISAN AND TRUCKERS CASUALTY CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:17 CV 27 JPG/RJD |
| ) | |
| A&K RENTALS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendant Burlington Insurance Company's Motion to Compel and the discovery dispute conference held on September 7, 2017. (Docs. 66, 68.) On January 11, 2017, Plaintiff commenced this action, seeking a declaratory judgment on insurance coverage for a wrongful death suit filed in state court. (Doc. 1.) According to the complaint, Plaintiff was the insurer of Defendant A&K Rentals, LLC ("A&K Rentals"), who owned the tractor-trailer operated by the decedent.[1] Defendant Burlington Insurance Company ("Burlington") was the insurer of Defendant American Complete Access Hoist and Platform, LLC ("American Complete"), who employed the decedent.

On September 7, 2017, at Defendant Burlington's request, the Court held a discovery dispute conference regarding whether Plaintiff was required to produce statements made to Plaintiff's attorney by Walter Terry, a principal of Defendant A&K Rentals, and Adam Terry and Tony Evans, principals of Defendant American Complete. Plaintiff asserts attorney-client privilege on behalf of Defendants A&K Rentals and American Complete. At the discovery

---

[1] The parties' briefs further indicate that Defendant American Complete was listed as an Additional Insured on the insurance policy; in other words, Plaintiff was also the insurer of Defendant American Complete.

dispute conference, the Court requested additional briefing from the parties with a focus on the principals' understanding of their relationship with Plaintiff's attorney and the context in which the statements were taken.

"It is well established in Illinois that, where the insurer is under an obligation to defend the insured, the communication is protected by the attorney-client privilege." *Exline v. Exline*, 659 N.E.2d 407, 410 (Ill. App. Ct. 1995). "This rule underscores the fact that the insurance carrier usually selects the attorney under a common liability contract." *Hyams v. Evanston Hosp.*, 587 N.E.2d 1127, 1129 (Ill. Ct. App. 1992). "Therefore, the insured may properly assume that the communication is made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the interests of the insured." *Id.*

The record reflects the following events. Plaintiff issued a policy, insuring Defendants A&K Rentals and American Complete, which required that the insureds cooperate with Plaintiff with respect to claims and lawsuits and allow Plaintiff to take signed, recorded statements from the insured. On January 5, 2015, the incident underlying the wrongful death lawsuit occurred. In March and April 2015, Plaintiff's attorney sent letters to Walter Terry and Adam Terry, which identified the attorney as representing Plaintiff, referenced the policy and underlying incident, and sought to arrange a time for an examination under oath and document production.[2] Walter Terry and Adam Terry were advised that Plaintiff was providing a defense in the wrongful death lawsuit pursuant to a reservation of rights due to questions regarding coverage. On May 28, 2015, the examinations took place. At the discovery dispute conference, Plaintiff's counsel represented that Plaintiff had assigned defense counsel and was providing the defense in the underlying lawsuit. Defendant American Complete, through correspondence to Plaintiff's

---

[2] The letters also mentioned that the examinations would take place in the presence of a court reporter. The resulting transcripts are the statements at issue in the instant discovery dispute.

attorney, and Defendant A&K Rentals, through counsel at the discovery dispute conference, represented that Walter Terry and Adam Terry understood that the examinations were taken for the purpose of defending the underlying lawsuit.

The record reflects that Plaintiff is providing a defense for Defendants A&K Rentals and American Complete and has assigned them legal counsel for that purpose. The record further reflects Walter Terry and Adam Terry understood that the statements were taken for the purpose of defending the underlying lawsuit. Walter Terry and Adam Terry were thus entitled to assume that their statements at the examination were made to Plaintiff for the dominant purpose of transmitting it to an attorney for the protection of the interests of Defendants A&K Rentals and American Complete. Therefore, attorney-client privilege attaches to those statements.

Defendant Burlington cites *W. States Ins. Co. v. O'Hara*, 828 N.E.2d 842 (Ill. Ct. App. 2005), for the proposition that the attorney-client privilege did not attach to the written statements. In *W. States Ins.*, the insurer settled several tort claims against the insured by third parties prior to filing a coverage action. *Id.* at 844-46. The insured moved to compel the production of documents related to the settlements, but the insurer refused, citing attorney-client privilege. *Id.* The trial court granted the motion to compel, and the insurer appealed. *Id.* The appeals court upheld the decision of the trial court, finding that the common-interest doctrine applied. *Id.* at 848-49. The appeals court reasoned that, at the time of the settlements, the insured and the insurer shared a common interest in defending the tort claims against the insured and that the attorney who prepared the documents at issue was acting on behalf of both the insured and insurer. *Id.*

*W. States Ins.* is distinguishable from the instant discovery dispute. *W. States Ins.* did not hold that attorney-client privilege did not attach to the requested documents; rather, the case held

that the parties in that case shared a common interest and could not assert the privilege against each other. Unlike *W. States, Ins.*, here, the insured is not seeking documents from the insurer or vice versa, and there is nothing to indicate that the written statements were made pursuant to Plaintiff and Defendant Burlington's common interest.

Defendant Burlington also argues that allowing Plaintiff access to the written statements but denying Defendant Burlington access to them would result in unfair prejudice during the depositions of Defendants A&K Rentals and American Complete's principal officers. However, Defendant Burlington offers no authority for the proposition that attorney-client privilege can be defeated upon a showing of unfair prejudice. Defendant Burlington further suggests that Plaintiff's attorney has a conflict of interests and should be disqualified because he has represented Plaintiff and Defendants A&K Rentals and American Complete, who are adverse in the instant action. *See In re Paul L.F.*, 947 N.E.2d 805 (Ill. App. Ct. 2011). To the extent Defendant Burlington intends to pursue this argument, it may file a motion to disqualify counsel; however, the Court has observed nothing to suggest that Plaintiff's counsel established an attorney-client relationship with Defendants A&K Rentals and American Complete.

For the foregoing reasons, Defendant Burlington Insurance Company's Motion to Compel (Doc. 68) is denied.

**SO ORDERED.**

**DATED: October 31, 2017**　　　　　　　　　　　　　*s/    Reona J. Daly*
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE