UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTISAN AND TRUCKERS CASUALTY CO., <br><br> Plaintiff, <br><br> v. <br><br> A&K RENTALS, LLC, AMERICAN COMPLETE ACCESS HOIST AND PLATFORM LLC, ROBYN WELLEN, VERNON L. GOEDECKE COMPANY, INC., GOEDECKE COMPANY, BURLINGTON INSURANCE COMPANY, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Defendants. | Case No. 3:17-cv-00027-JPG-RJD |

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on two pending motions filed by defendant A&K Rentals, LLC ("A&K"). The first is a motion for summary judgment, or in the alternative, to stay Count III of the amended complaint in this case. (Doc. 69.) The second is a motion for summary judgment as to Count II and Count III, or alternatively to stay Count I, of defendant Burlington Insurance Company's cross-claim against A&K. (Doc. 71.) For the following reasons, the Court **DENIES** both motions.

## I. BACKGROUND

One day in 2015, Richard Thessing drove a tractor-trailer to deliver a building hoist—a large device used for lifting very heavy loads—to a construction site. (Am. Compl. ¶ 13.) Once Thessing arrived at the site, workers used a crane truck to unload the components of the hoist from the tractor-trailer. (Am. Compl. ¶ 17–19.) Unfortunately, the crane dropped part of the hoist

1

onto Thessing, killing him. (Am. Compl. ¶ 14.) Later, Thessing's decedent—Robyn Wellen—brought a wrongful death action in Illinois state court against five defendants for damages stemming from the accident. (Am. Compl., Ex. 1.) One of those defendants is A&K: they owned the tractor-trailer, the crane truck, and the hoist. (Am. Compl. 15–19.) Another defendant is American Complete Access Hoist and Platform LLC ("American Complete"): Thessing worked for them, but it is not clear at this stage whether Thessing was an employee or an independent contractor.

This Court is not faced with the wrongful death action. Rather, plaintiff Artisan and Truckers Casualty Co. ("Artisan")—who insures A&K and American Complete via a commercial auto policy (the "Artisan Auto Policy")—has brought this declaratory judgment action asking the Court to declare that Artisan does not have a duty to defend or indemnify defendants A&K and American Complete in the underlying state action. (Doc. 51.) The complaint contains several theories, but for the purposes of this particular motion, only Count III is relevant: it alleges that the worker's compensation and employer's liability exclusions in the Artisan Auto Policy precludes coverage for American Complete and A&K in the underlying state suit as well as a related claim before the Illinois Workers' Compensation Commission. Artisan points to another insurance company—Travelers Property Casualty Company of America ("Travelers")—that provides workers compensation and employer's liability insurance to American Complete instead.

There is also a third insurance company at issue: defendant Burlington Insurance Company, which has a commercial general liability policy with American Complete (the "Burlington General Policy"). Burlington has filed a cross-claim against A&K (Doc. 60.)

alleging that they have no duty to defend or indemnify them in the underlying action as well, in a manner similar to Artisan's amended complaint.

Now, A&K has filed two motions in respect to both Artisan's amended complaint as well as Burlington's cross-claim. First, A&K seeks summary judgment or a stay of Count III of Artisan's amended complaint. Second, A&K seeks summary judgment as to Count II and Count III, or alternatively to stay Count I, of defendant Burlington Insurance Company's cross-claim.

## II. LEGAL STANDARDS

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). If the moving party bears the burden of persuasion on an issue at trial, it must "lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. National Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015); *accord Felix v. Wisconsin Dep't of Transp.*, 828 F.3d 560, 570 (7th Cir. 2016). Where the moving party fails to meet that strict burden, the Court cannot enter

summary judgment for that party even if the opposing party fails to present relevant evidence in response. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a motion for summary judgment, the nonmoving party may not simply rest upon the allegations contained in the pleadings, but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322–26; *Anderson*, 477 U.S. at 256–57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts". *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact only exists if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, 477 U.S. at 252.

### III. ANALYSIS

#### A. The Artisan Auto Policy

A&K advances three arguments in favor of their motion for summary judgment or to stay Count III of the Artisan Auto Policy: (1) that the claims are not ripe for adjudication; (2) that the employer's liability exclusion in the Artisan Auto Policy does not apply to them; and (3) that the Court must stay this action because it requires a determination of contested facts in the underlying proceeding. The Court will address each argument in turn.

##### i. *Ripeness*

A&K first argues that the Court should stay Count III of Artisan's amended complaint because the issue is not ripe for adjudication. A&K asserts that "decisions about indemnity should be postponed until the underlying liability has been established." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003). This is a throw-away argument. In the

amended complaint, Artisan is not simply claiming that they do not have a duty to indemnify A&K. Rather, Artisan alleges that they do not have a duty to indemnify or **defend** A&K in the underlying suit. (Am. Compl. ¶ 56.) The duty to defend is broader than the duty to indemnify. *United Nat. Ins. Co. v. Dunbar & Sullivan Dredging Co.*, 953 F.2d 334, 338 (7th Cir. 1992). When an insurer claims that it does not have a duty to defend or indemnify, the claim ripens faster because the insurer needs to know now whether it must expend resources in the underlying litigation to defend the insured. *See, e.g., The Cincinnati Ins. Co. v. Berkshire Refrigerated Warehousing, LLC,* 149 F. Supp. 3d 867, 873 (N.D. Ill. 2015) ("[b]ut where an insurer seeks a declaration that it has no duty to defend and no duty to indemnify, the claim regarding its duty to indemnify is not premature because its issues overlap with whether it has a duty to defend".) Accordingly, A&K's first argument fails.

### ii. *The Employer Liability Exclusion*

A&K next argues that they are entitled to summary judgment on Count III of Artisan's amended complaint because A&K is not the employer of Thessing—which would mean the employer's liability exclusion in the Artisan Auto Policy does not apply to A&K. In relevant part, the employer's liability exclusion states that coverage does not extend to:

> "bodily injury to . . . **an employee of any insured** arising out of or within the course of (i) that employee's employment by any insured; or (ii) performing duties related to the conduct of any insured's business . . . ."

(Am. Compl., Ex. D at p. 19.) (emphasis added). Artisan alleges in the amended complaint that since Thessing was an employee of **any** insured—American Complete, who is an additional insured under the Artisan Auto Policy—the employer's liability exclusion in the policy applies to also preclude coverage for A&K in this action.

5

A&K disagrees. In their motion for summary judgment, they point to a severability clause in the Artisan Auto Policy which provides: "[e]xcept with respect to the Limit of Liability, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or lawsuit is brought." (Doc. 70, p. 7.) A&K argues that the severability clause means that the policy covers A&K and American Complete as if they were separately insured—meaning that if Thessing was an employee of American Complete, then the exclusion would only preclude coverage from American Complete and not A&K. A&K also believes that if the Court grants Artisan's interpretation of the contract, the intent of the employee exclusion—only to preclude an employee from suing his employer—would be rendered meaningless.

This argument asks the Court to interpret the meaning and scope of the insurance contract. Since this declaratory judgment action is rooted in diversity jurisdiction, Illinois contract law governs: a federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). The Court must apply the law as it believes the highest court of the state would apply it if it were hearing the issues. *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). When the highest state court has not spoken on an issue, the federal court must give great weight to decisions of intermediate appellate courts unless there are persuasive reasons to believe the highest court would rule differently. *Id.*

When interpreting an insurance contract under Illinois law, the "primary objective is to ascertain and give effect to the intention of the parties as expressed in the agreement." *Nicor, Inc. v. Associated Elec. & Gas Ins. Servs. Ltd.*, 860 N.E.2d 280, 286 (2006) (internal citation omitted). The Court must "construe the policy as a whole, taking into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract." *Id.*

(citing *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 757 N.E.2d 481, 491 (2001)). Fundamentally, however, the "words of a policy should be accorded their plain and ordinary meaning." *Id.* (citing *State Farm Mutual Automobile Insurance Co. v. Villicana*, 692 N.E.2d 1196, 1199 (1998). When those words are "clear and unambiguous", the Court should apply them as written "unless doing so would violate public policy." *Id.* at 416–17 (internal citations omitted). The Illinois Supreme Court has also instructed that "[a] policy term that appears unambiguous at first blush might not be such when viewed in the context of the particular factual setting in which the policy was issued." *Id.* at 417 (citing *Glidden v. Farmers Automobile Insurance Ass'n*, 312 N.E.2d 247, 250 (1974).

These interpretation standards become more strict when dealing with an exclusionary provision that would deny coverage to an insured. If that provision is "at all ambiguous, a court should construe the provision most liberally in favor of the insured." *Archer Daniels Midland Co. v. Burlington Ins. Co. Grp.*, 785 F. Supp. 2d 722, 728 (N.D. Ill. 2011) (citing *Santa's Best Craft, LLC v. St. Paul Fire and Marine Ins. Co.*, 611 F.3d 339, 347 (7th Cir. 2010)) (further citations omitted).

Severability clauses add an additional element to the analysis. "The purpose of severability clauses is to treat each entity covered under the policy as if each were insured separately." *St. Katherine Ins. Co. v. Ins. Co. of N. Am.*, 11 F.3d 707, 710 (7th Cir. 1993) (citing *U.S. Fid. & Guar. Co. v. Globe Indem. Co.*, 327 N.E.2d 321 (1975)). In *Globe*, the Illinois Supreme Court analyzed how a severability clause affected an employee exclusionary provision that barred coverage for bodily injury to employees of "**the** insured". 327 N.E.2d at 322 (emphasis added). The court found that the severability clause provided separate coverage for

7

each insured, and the insurance company could not deny coverage to one insured just because the injured person was an employee of another insured. *Globe Indem. Co.*, 327 N.E.2d at 323.

This case differs from the contract in *Globe* by a single—yet crucial—word. The Artisan Auto Policy states that coverage will not extend to bodily injury of "an employee of **any** insured"—not just an employee of "**the**" insured, as in *Globe*. (Am. Compl., Ex. D at p. 19.) Thus, even if the severability clause provides separate coverage for A&K and American Complete, Thessing is still an employee of "any" insured: American Complete. The plain words here are clear and unambiguous.

The Illinois Supreme Court has not ruled on this interpretation. At least two Illinois appellate courts have—but they did not follow the plain text of the insurance contracts. In one case, a court held that the insurance company still had a duty to indemnify an insured even though the employer liability exclusion barred coverage for an employee of "a" protected person. *Atchison, Topeka and Santa Fe Ry. Co. v. St. Paul Surplus Lines Ins. Co.*, 767 N.E.2d 827 (Ill. App. Ct. 1st Dist. 2002). In another case, a court held that the exclusion does not bar coverage for the employee of "any" protected person. *Cook v. Country Mut. Ins. Co.*, 466 N.E.2d 587 (Ill. App. Ct. 3d Dist. 1984). In *Cook*, the appellate court went as far as claiming that the difference between the words "the" and "an"/"any" is a "tenuous argument", and the court claimed that "accept[ing] it would dictate that [the court] accept any arbitrary definition of the word[s]." 466 N.E.2d at 588.

This Court does not believe that the Illinois Supreme Court would agree with the two aforementioned appellate cases. Those two cases disregarded the plain meaning of the words in their respective contracts, and *Cook* went as far to refuse to analyze the argument at all. This Court will give meaning to the plain words of the policy, just as the Illinois Supreme Court

instructs. Merriam-Webster defines "the" as "a function word to indicate that a following noun or noun equivalent is **definite** or has been previously specified by context or by circumstance". *The,* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 1993) (emphasis added). For example, "an employee of **the** insured" indicates that the following noun—"insured"—is a definite noun, specified by the context of the contract. So if A&K is **the** insured under the contract, and Thessing is not an employee of A&K, the employer's liability exclusion would not apply to them because Thessing is not an employee of **the** insured.

Unfortunately for A&K, the contract at issue excludes an injury to "an employee of **any** insured"—not "**the** insured". (Doc. 51, Ex. D, p. 19.) Merriam-Webster defines "any" as "one or some indiscriminately of whatever kind". *Any,* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 1993). In that case, "an employee of **any** insured" can be used to refer to one or some indiscriminate number of insureds in the contractual sphere outside of "the" insured specifically at issue. Artisan argues here that since Thessing is an employee of "any" insured under the policy—American Complete—the exclusion still applies in respect to A&K. That interpretation is correct under the plain language of the policy. Even when you sever A&K away via the severability clause, Thessing is still an employee of "any insured" of Artisan in this matter: American Complete. This interpretation makes even more sense given that American Complete is listed as an additional insured on A&K's policy—surely "any" insured was meant by the parties to reach other named insureds on the policy at issue.

A&K believes that this interpretation would render meaningless the purpose of the provision: to preclude an employee from suing his employer. But that is not the case. If the purpose of the provision is to preclude an employee from suing his employer, it is because those types of claims are governed by employer's liability and worker's compensation policies

9

instead—like the Travelers policy that Artisan has referenced. The Court's interpretation of the policy furthers that purpose.

The Northern District of Illinois has come to a similar conclusion. In *Archer Daniels*, *supra*, the court faced a similar issue when interpreting the word "the" versus "any" in an insurance contract, albeit in the context of a cross-liability exclusion provision. That court declined to follow the two aforementioned Illinois appellate cases—*Atchison* and *Cook*—because they did not "give effect to the plain language of [the] insurance policy's exclusion provision". *Archer Daniels Midland Co.* 785 F. Supp. 2d at 733. The Northern District further cited the majority rule on this issue: "the distinction between the terms 'the insured' and 'any insured' in an exclusion is crucial in determining the import of a severability clause." *Id*. (internal citations omitted). The *Archer Daniels* court further distinguished their case because of the cross-liability exclusion—but their primary argument on the plain text is still persuasive enough on its own.

### iii. *Contested Facts in the Underlying Action*

A&K's final argument is that the Court should stay Count III of Artisan's amended complaint because that count seeks a determination of contested facts in the underlying action: whether Thessing was an employee of American Complete or an independent contractor. The amended complaint in this case asserts that Thessing was an employee (Am. Compl. ¶ 53), but the complaint in the underlying case asserts that he was an independent contractor (Am. Compl., Ex. 1 at ¶ 1).

Under Illinois law, a court considering a declaratory judgment action should not decide issues of ultimate fact that could bind the parties to the underlying litigation. *Scottsdale Ins. Co. v. City of Waukegan*, 80 F. Supp. 3d 894, 898 (N.D. Ill. 2015) (citing *Allstate Ins. Co. v. Kovar*,

842 N.E.2d 1268, 1275 (2006)). This restriction does not apply, however, when the disputed facts are "relevant to an insurer's duty to defend its insured in a pending and unresolved lawsuit when those factual determinations do not impact upon the underlying plaintiff's ability to pursue a theory of liability or resolve any issue critical to the insured's liability in the underlying litigation." *Id.* (citing *Fremont Comp. Ins. Co. v. Ace–Chicago Great Dane Corp.*, 710 N.E.2d 132, 139 (1999).

Here, the underlying dispute is a tort action. It asserts negligence, products liability, and wrongful death theories. As Artisan has pointed out in its response, whether Thessing was an employee or independent contractor is immaterial to the resolution of those claims. (Doc. 75, p. 8.) A&K argues in reply that if this Court were to determine that Thessing was an employee of American Complete, then that ruling would "bind the parties to the underlying litigation"—but A&K does not explain how that would be the case. (Doc. 80, p. 5.) Moreover, whether Thessing was an employee or independent contractor is a fact necessary for this Court to determine to resolve the duty to defend issue: Count III would fail as a matter of law if Thessing is an independent contractor because then the employer liability exclusion may not apply at all. Accordingly, A&K's final argument fails.

### B. The Burlington Commercial General Liability Policy

Burlington's cross-claim is also at issue here. In Count I, Burlington argues that the employer's liability exclusion in the Burlington General Policy operates to (1) preclude coverage to American Complete in the worker's compensation claims, and (2) relieve Burlington from the obligation to defend or indemnify both American Complete and A&K in the underlying wrongful death suit. In Count II, Burlington claims that the auto exclusion in their policy applies to the facts of this case, meaning that Artisan—rather than Burlington—is under a duty to defend

and indemnify American Complete and A&K. In Count III, Burlington explains that there is no contract that identifies that A&K leased the tractor-trailer and/or crane truck to American Complete—even though a contract is needed to activate the "additional insured endorsement" provision of the Burlington General Policy that would make Burlington liable to both A&K and the primary insured, American Complete.

A&K has filed an almost identical motion for summary judgment or to stay in regards to the Burlington General Policy. (Doc. 71.) First, A&K argues that a stay of the cross-claim is appropriate because the duty to indemnify issue is unripe for adjudication. Second, A&K asserts that they are entitled to summary judgment as to Count I of Burlington's cross-claim because the employer liability exclusion provision of the Burlington General Policy does not reach them for the same reasons that the Artisan exclusion did not reach them: A&K is not **the** employer of Thessing. Third, A&K claims that the Court should stay Count I of the cross-claim because it seeks a determination of contested facts in the underlying action.

A&K's first and third arguments fail for the same reasons as they did against Artisan. First, the cross claim is ripe for adjudication because Burlington seeks a declaration that they are not obligated to indemnify *or defend* A&K in the underlying action, just as Artisan does. (Doc. 60, Burlington Countercl. ¶ 60.) Next, the determination of whether Thessing is an independent contractor or an employer is irrelevant to the outcome of the tort claims below.

A&K's second argument is more complex. Just like the Artisan Auto Policy, the Burlington General Policy contains an employer's liability exclusion. (Doc. 60, Ex. E, p. 17.) But the Burlington exclusion does not use the word "any", like the Artisan policy does. Instead, it uses the word "the". *Id.* The provision states that liability does not extend to bodily injury to "an 'employee' of **the** insured arising out of and in the course of . . . [e]mployment of the

12

insured", or "[p]erforming duties related to the conduct of the insured's business. . . ." *Id.* The Burlington policy also contains a severability provision, just like the Artisan policy. (Doc. 72, p. 4.) This would mean that the Illinois Supreme Court's holding in *Globe* is binding, and Burlington has a duty to defend and indemnify A&K under the policy.

Burlington, however, has raised an issue of material fact in its response. Burlington points out that the policy defines "employee" very loosely:

> C. "Employee" means a person working for salary or wages, or any substitute for salary or wages, as compensation in any manner by any insured, under any contract of hire expressed or implied, oral or written, where the insured, as employer has the power or right to contract and direct the employee. "Employee includes a person hired by the hour, day or any other irregular or intermittent period. "Employee" includes a "leased worker" or "**temporary worker**".

(Doc. 77, Ex. H, p. 52.) (emphasis added). Burlington points to a number of evidentiary facts that could support a finding that Thessing may qualify as a "temporary worker" of A&K—meaning the employer's liability exclusion would apply. Burlington claims that A&K and American Complete share an office; Thessing met the owner of A&K at that office; the owner went through safety checks with Thessing to familiarize him with the truck (that Thessing had allegedly driven before); and Thessing completed driving logs stating that he was driving for A&K; Thessing assisted in removing some of the A&K rental straps in furtherance of A&K's subcontract with another company at the site. (Doc. 77, p. 11–12.) Because Burlington has presented an issue of material fact as to whether Thessing was an employee under the terms of the Burlington General Policy, summary judgment is not appropriate at this stage.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** A&K's motions for summary judgment and, in the alternative, to stay. (Docs. 69, 71.)

**IT IS SO ORDERED.**

**DATED: JANUARY 3, 2018**

>  **s/** *J. Phil Gilbert*
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**